# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LESTER E. COX MEDICAL CENTERS, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 6:20-03152-CV-RK |
| v. | )<br>) |
| AMNEAL PHARMACEUTICALS, LLC, el al. | )<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

Before the Court is Plaintiffs' motion to remand. (Doc. 7.) Defendants have responded. (Doc. 31.) After careful consideration, the motion is **GRANTED** and the case is **REMANDED** to the Circuit Court of Greene County, Missouri.

### Background

Plaintiffs filed their complaint in state court on April 14, 2020, alleging five counts (negligence, nuisance, unjust enrichment, fraud and deceit, and civil conspiracy) arising under Missouri common law. Plaintiffs' allegations center around the opioid crisis, alleging, among several other things, that Defendants minimized the risk of opioids, overstated their benefits, and generated far more prescriptions than there should have been. Defendants removed the case to this Court on May 27, 2020, alleging jurisdiction under 28 U.S.C. § 1331. On June 2, 2020, Plaintiffs filed their motion to remand, and expedited briefing was ordered.

### Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "A defendant may remove an action to federal court if the case falls within the original jurisdiction of the district courts." *Gillespie v. Block Maint. Solutions*, No. 12-947-CV-W-DGK, 2012 U.S. Dist. LEXIS 155153, at *1 (W.D. Mo. Oct. 30, 2012) (citing 28 U.S.C. §1441(a)). If the case is not within the original jurisdiction of the district court, remand is required. *Id.* "Federal district courts have original

jurisdiction over civil actions arising under federal law." *Id.*; 28 U.S.C.§ 1331. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

## Discussion

Defendants claim federal jurisdiction exists because Plaintiffs' complaint raises a substantial issue of federal law. Their arguments are without merit.

There is a "special and small category" of instances in which state claims are deemed to arise under federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *see also Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808 (1986) (the "vast majority" of cases are determined by rule that "suit arises under the law that creates the cause of action"). The exception occurs when state claims "nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

In its most recent pronouncement on the subject, the Supreme Court identified four requirements for a state claim to arise under federal law. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable*, 545 U.S. at 314. Defendants contend these requirements are met because some of the state claims are based on Defendants' failure to comply with federal law (such as the Controlled Substances Act). However, even if Plaintiffs' state claims necessarily raise disputed issues of federal law, Defendants have not demonstrated the federal issues are substantial.

A state claim that incorporates a violation of federal law is insufficient to demonstrate the federal issue is "substantial." This is confirmed by the Supreme Court's decision in *Merrell Dow*, a case in which a plaintiff asserted a negligence per se claim predicated on the defendant's violation of the Food, Drug and Cosmetic Act. 478 U.S. 804. While the federal issue was necessarily raised

2

and disputed, the Supreme Court found this was insufficient to justify federal jurisdiction. Specifically, the Court concluded "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." *Id.* at 817; *see also Empire Healthchoice*, 547 U.S. at 701, (concluding "it takes more than a federal element to open the 'arising under' door.") (quotation omitted).

The Supreme Court decision in *Gunn* confirms this conclusion. In *Gunn*, the plaintiff claimed an attorney committed legal malpractice while representing him in a patent lawsuit. 568 U.S. at 255. Resolution of the malpractice claim necessarily raised a federal issue – whether the alleged failure to assert certain patent law arguments would have altered the litigation's outcome. And this federal issue was disputed, as the attorney/defendant contended the arguments the plaintiff wanted him to assert were not legally viable. Nonetheless, the Supreme Court concluded the federal issue was not substantial and faulted the lower court for "focus[ing] on the importance of the issue to the plaintiff's case and to the parties before it." 568 U.S. at 260. *Gunn* reiterated that substantiality cannot be based solely on the case at hand; otherwise, the requirement would be satisfied every time a federal issue is raised and disputed, rendering the requirement meaningless. *Id.*

Defendants argue jurisdiction exists because the complaint raises substantial federal issues "because the federal government has a strong interest in a nationally uniform approach to controlled substances." (Doc. 31.) Substantiality is established by examining the external effect from resolution of the federal issue. But, it is not just any external effect that will suffice. "The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260 (emphasis added). For example, in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court determined the validity of tax regulations regarding asset sales was important to the federal system as a whole, and thus, the federal issue was substantial. 545 U.S. at 314-15. Similarly, in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), the state claim depended on determining the validity of federally-issued bonds. No similar external effect on "the federal system" is suggested or established here.

Additionally, the necessary external effect is not established by pointing to the federal courts' greater experience with federal law. *E.g., Gunn*, 568 U.S. at 263; *Merrell Dow*, 478 U.S.

3

at 815-16. Similarly, the desire for uniform interpretation of federal law is always present and does not establish a federal issue is substantial. *Gunn*, 568 U.S. 263; *Merrell Dow*, 478 U.S. at 815-16. "[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' . . . jurisdiction, even if the potential error finds its root in a misunderstanding of [federal] law." *Gunn*, 568 U.S. at 263. Finally, the fact that the case may affect a federal regulatory scheme is insufficient. Instead, there must be something specific about the federal issue that suggests an importance beyond the parties that justifies resort to the federal courts instead of allowing state courts to resolve the state cause of action. As one court has observed:

> [T]his degree of importance has been found only when the Government's operations are affected by the federal issue. Only in such cases could it be confidently stated that if Congress had thought about the issue it would have sensibly concluded the dispute should be resolved by a federal court. In contrast, Congress has not created a federal right of action, [completely] preempted [state law], or divested state courts of jurisdiction in such matters. This failure is telling and cements the Court's conclusion that the federal issues raised . . . are not substantial within the meaning of *Gunn*.

*Goade v. Medtronic, Inc.*, 2013 WL 6237853, at *6 (W.D. Mo. 2013).[1]

The Court concludes Plaintiffs' state-law claims do not fall within the "special and small category" of state claims that can be deemed to arise under federal law. Therefore, the Court lacks jurisdiction and the case must be remanded to the Circuit Court of Greene County, Missouri.

---

[1] The Court's discussion makes it unnecessary to discuss the fourth consideration in detail. It is enough to note that Defendants' theory would greatly disrupt the balance between state and federal judicial responsibilities. Congress did not create a private cause of action against a backdrop of state tort claims that might incorporate federal issues.

> The significance of the [absence of a] federal private cause of action thus cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Merrell Dow*, 478 U.S. at 812; see also *Grable*, 545 U.S. at 318-19 ("A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts.")

## Conclusion

Accordingly, Plaintiffs' motion to remand (Doc. 7) is **GRANTED** and the case is **REMANDED** to the Circuit Court of Greene County, Missouri.

**IT IS SO ORDERED**.

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: June 15, 2020